1   NICHOLAS A. TRUTANICH
    United States Attorney
2   District of Nevada
    Nevada Bar Number 13644
3   Shaheen P. Torgoley
    Assistant United States Attorney
4   501 Las Vegas Blvd. South, Suite 1100
    Las Vegas, Nevada 89101
5   Phone: (702) 388-6336
    Shaheen.Torgoley@usdoj.gov
6   *Attorneys for the United States of America*



7

8                   UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEVADA

9   UNITED STATES OF AMERICA,              No. 2:19-CR-209-APG-EJY

10                  Plaintiff,

11                  v.                      **Plea Agreement for Defendant
                                            Brandon Patton Pursuant to Fed. R. Crim. P.
12  BRANDON PATTON,                         11(c)(1)(A) and (B)**

13                  Defendant.

14          This plea agreement between BRANDON PATTON ("defendant") and the United States

15  Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement

16  regarding the criminal charges referenced herein and the applicable sentences and fines in the

17  above-captioned case. This agreement binds only defendant and the USAO and does not bind

18  the district court, the U.S. Probation Office, or any other federal, state, local, or foreign

19  prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not

20  prohibit the USAO or any agency or third party from seeking any other civil or administrative

21  remedies, including civil forfeiture *in rem,* directly or indirectly against defendant or defendant's

22  property.

23          This agreement becomes effective upon signature by defendant, defendant's counsel, and

24  an Assistant United States Attorney.

# I. DEFENDANT'S OBLIGATIONS

1. Defendant agrees to:

   a. At the earliest opportunity requested by the USAO and provided by the district court, appear and plead guilty to Counts 2, 3, and 4 of the indictment in this case, which charges defendant with: in count 2, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)—Possession with Intent to Distribute a Controlled Substance (Marijuana); in count 3, a violation of 18 U.S.C. § 924(c)—Possession of a Firearm in Furtherance of a Drug-Trafficking Offense; and, in count 4, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)—Felon in Possession of a Firearm.

   b. Stipulate to the facts agreed to in this agreement;

   c. Abide by all agreements regarding sentencing contained in this agreement;

   d. Not seek to withdraw defendant's guilty plea once it is entered;

   e. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

   f. Not commit any federal, state, or local crime;

   g. Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

   h. Before and after sentencing, upon request by the Court, the USAO, or the Probation Office, provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all financial information and authorizations requested by the Probation Office for preparation of the Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is authorized to obtain defendant's credit report. Defendant will also complete a financial form

1  provided by the USAO, to include all supporting documentation, and return it to the USAO

2  within three (3) weeks from entry of the plea. Defendant agrees that the district court may enter

3  any order necessary to effectuate or facilitate disclosure of defendant's financial information.

4         i.      To facilitate payment of any fine, forfeiture, restitution, or assessment,

5  surrender assets defendant obtained directly or indirectly as a result of defendant's crimes.

6  Defendant agrees to voluntarily release funds and property under defendant's control or in which

7  defendant has any property interest, before and after sentencing, to pay any fine or restitution

8  identified in this agreement, agreed to by the parties, or ordered by the Court.

9  **II. THE USAO'S OBLIGATIONS**

10    2.     The USAO agrees to:

11        a.      Stipulate to facts agreed to in this agreement;

12        b.      Abide by all agreements regarding sentencing contained in this agreement;

13        c.      At sentencing, provided that defendant demonstrates an acceptance of

14  responsibility for the offenses up to and including the time of sentencing, recommend a two-level

15  reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1, and

16  move for an additional one-level reduction if available under that section;

17        d.      At sentencing, move to dismiss count 1 of the indictment against

18  defendant. Defendant agrees, however, that the district court may consider any dismissed

19  charges in determining the applicable sentencing guidelines range, the propriety and extent of

20  any departure from that range, and the sentence to be imposed; and

21        e.      Not bring any additional charges against defendant arising out of the

22  factual basis set forth in this agreement. However, the USAO reserves the right to prosecute

23  defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax

24  violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

1  Defendant agrees that the district court at sentencing may consider any uncharged conduct in

2  determining the applicable sentencing guidelines range, the propriety and extent of any departure

3  from that range, and the sentence to be imposed after consideration of the sentencing guidelines

4  and all other relevant factors under 18 U.S.C. § 3553(a).

5  **III. ELEMENTS OF THE OFFENSES**

6      3.    <u>Count Two</u>: The elements of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)—Possession

7  with Intent to Distribute ("PWID") a Controlled Substance, Marijuana, are as follows:

8      **First**, the defendant knowingly possessed marijuana; and

9      **Second**, the defendant possessed it with the intent to distribute it to another person.

10 **9th Cir. Pattern Jury Instruction 9.15.**

11     4.    <u>Count Three</u>: The elements of 18 U.S.C. § 924(c)—Possession of a Firearm in

12 Furtherance of a Drug-Trafficking Offense are as follows:

13     **First**, the defendant committed the crime of PWID, as charged in Count 2, which is a

14 drug-trafficking crime;

15     **Second**, the defendant knowingly possessed a firearm; and

16     **Third**, the defendant possessed the firearm in furtherance of the crime of PWID.

17 **9th Cir. Pattern Jury Instruction 8.72.**

18     5.    <u>Count Four</u>: The elements of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)—Felon in

19 Possession of a Firearm are as follows:

20     **First**, the defendant knowingly possessed a handgun;

21     **Second**, at the time of the possession, defendant had been convicted in a court of a crime

22 punishable by imprisonment for a term exceeding one year;

23     **Third**, at the time the defendant possessed the defendant knew that he had been

24 convicted of a crime punishable by imprisonment for a term exceeding one year; and

4

1    **Fourth**, the handgun had been shipped between a foreign nation and the United States.

2    **Post-*Rehaif* jury instruction, modifying the 9th Circuit's Instruction Pattern 8.65A.**

3    ### IV. CONSEQUENCES OF CONVICTION

4    6.   <u>Maximum and Minimum Statutory Penalties:</u>

5    a.   Defendant understands that the statutory maximum sentence the district

6    court can impose for a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), as charged in Count

7    2, is: Five years imprisonment; up to a lifetime of supervised release (with a minimum two-year

8    period); a fine of $250,000 or twice the gross gain or gross loss resulting from the offenses,

9    whichever is greatest; and a mandatory special assessment of $100.

10   b.   Defendant understands that the statutory mandatory minimum sentence

11   that the Court must impose for a violation of 18 U.S.C. § 924(c), as charged in count 3 of the

12   indictment, is a Five-year term of imprisonment, which must run consecutive to any other

13   sentence of imprisonment imposed on defendant, a fine of $250,000, and a mandatory special

14   assessment of $100.

15   c.   Defendant understands that the statutory maximum sentence the district

16   court can impose for a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)—Felon in Possession of

17   a Firearm, as charged in Count 4, is: Ten years imprisonment; up to three years of supervised

18   release; a fine of $250,000; and a mandatory special assessment of $100.

19   d.   Defendant understands, therefore, that the total maximum sentence for all

20   offenses to which defendant is pleading guilty is: 20 years imprisonment; a lifetime period of

21   supervised release; a fine of $750,000; and a mandatory special assessment of $300.

22   e.   Defendant understands that under 21 U.S.C. § 862a, he will not be eligible

23   for assistance under state programs funded under the Social Security Act or Federal Food Stamp

24   Act or for federal food stamp program benefits, and that any such benefits or assistance received

by defendant's family members will be reduced to reflect defendant's ineligibility.

1    7.    <u>Parole Abolished</u>: Defendant acknowledges that defendant's prison sentence

2    cannot be shortened by early release on parole because parole has been abolished.

3    8.    <u>Supervised Release</u>: Defendant understands that supervised release is a period of

4    time following imprisonment during which defendant will be subject to various restrictions and

5    requirements. Defendant understands that if defendant violates one or more of the conditions of

6    any supervised release imposed, defendant may be returned to prison for all or part of the term of

7    supervised release authorized by statute for the offenses that resulted in the term of supervised

8    release, which could result in defendant serving a total term of imprisonment greater than the

9    statutory maximum stated above.

10    9.    <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court

11    must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence.

12    However, the statutory maximum sentence and any statutory minimum sentence limit the

13    district court's discretion in determining defendant's sentence.

14    10.    <u>Potential Collateral Consequences of Conviction</u>: Defendant understands that, by

15    pleading guilty, defendant may be giving up valuable government benefits and valuable civic

16    rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the

17    right to serve on a jury. Defendant understands that once the district court accepts defendant's

18    guilty pleas, it will be a federal felony for defendant to possess a firearm or ammunition.

19    Defendant understands that the conviction in this case may also subject defendant to various

20    other collateral consequences, including but not limited to revocation of probation, parole, or

21    supervised release in another case and suspension or revocation of a professional license.

22    Defendant understands that unanticipated collateral consequences will not serve as grounds to

23    withdraw defendant's guilty pleas.

24

1

## V. FACTUAL BASIS

2    11.    Defendant admits that defendant is, in fact, guilty of the offenses to which

3  defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to

4  trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable

5  doubt. Defendant further acknowledges that defendant's admissions and declarations of fact set

6  forth below satisfy every element of the charged offenses. Defendant waives any potential future

7  claim that the facts defendant admitted below are insufficient to satisfy the elements of the

8  charged offenses. Defendant admits and declares under penalty of perjury that the facts set forth

9  below are true and correct:

10    12.    On or about May 31, 2019, while driving near Las Vegas, Nevada, and within

11  Nevada's state borders, I was the passenger in a vehicle stopped by Nevada Highway Patrol. At

12  the time, I knowingly possessed two loaded firearms next to my left leg: a Taurus Millennium 9

13  MM handgun, bearing serial number TJM60423, and a Springfield Arms XD 40, bearing serial

14  number MC146256. I possessed the firearms despite knowing that, as a convicted felon, I could

15  not lawfully possess firearms. Specifically, I was previously convicted of Delivery of a Controlled

16  Substance, in the District Court of North Dakota, on or about May 4, 2016, in case number 51-

17  2016-CR-00956.

18    13.    Nevertheless, I possessed the firearms in furtherance of a drug-trafficking crime.

19  Namely, at the time of this traffic stop, I knowingly and intentionally possessed with the intent

20  to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I

21  Controlled Substance. I carried approximately 366 grams of marijuana, which I intended to

22  distribute, in addition to 149 grams of heroin, and approximately 3,000 grams of

23  methamphetamine.

24

## VI. SENTENCING FACTORS

14.     <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate, subject to the mandatory minimum term of five years in count 2, and including up to the maximum set by statute for convictions in counts 1 and 2.

15.     <u>Offense Level Calculations</u>: The parties jointly agree and stipulate that, in calculating Defendant's advisory guidelines sentencing range, the Court should use the following base offense level and adjustments; acknowledge that these stipulations do not bind the district court;

Count 2. Possession with Intent to Distribute Marijuana

   Base Offense Level [USSG § 2D1.1(c)(17)]:     6

Count 4. Felon in Possession of a Firearm

   Base Offense Level [USSG § 2K2.1(a)(4)]:     20

   Adjusted Offense Level          20

| | |
|---|---|
| Following Acceptance of Responsibility | 17 |

16.     <u>Career Offender</u>: Defendant understands that defendant's offense level could be increased if defendant is a career offender under USSG §§ 4B1.1 and 4B1.2. If defendant's

1  offense level is so altered, defendant and the USAO will not be bound by the agreement to

2  Sentencing Guideline factors set forth above.

3      17.    Reduction for Acceptance of Responsibility: Under USSG § 3E1.1(a), the USAO

4  will recommend that defendant receive a two-level downward adjustment for acceptance of

5  responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the

6  guilty pleas when defendant enters the pleas; (b) fails to truthfully admit facts establishing the

7  amount of restitution owed when defendant enters the guilty pleas; (c) fails to truthfully admit

8  facts establishing the forfeiture allegations when defendant enters the guilty pleas; (d) provides

9  false or misleading information to the USAO, the Court, Pretrial Services, or the Probation

10  Office; (e) denies involvement in the offenses or provides conflicting statements regarding

11  defendant's involvement or falsely denies or frivolously contests conduct relevant to the offenses;

12  (f) attempts to withdraw defendant's guilty pleas; (g) commits or attempts to commit any crime;

13  (h) fails to appear in court; or (i) violates the conditions of pretrial release.

14      Under USSG § 3E1.1(b), if the district court determines that defendant's total offense

15  level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level

16  downward adjustment pursuant to the preceding paragraph, the USAO will move for an

17  additional one-level downward adjustment for acceptance of responsibility before sentencing

18  because defendant communicated defendant's decision to plead guilty in a timely manner that

19  enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

20      18.    Criminal History Category. Defendant acknowledges that the district court may

21  base defendant's sentence in part on defendant's criminal record or criminal history. The district

22  court will determine defendant's criminal history category under the sentencing guidelines.

23      19.    Additional Sentencing Information: The stipulated sentencing guidelines

24  calculations are based on information now known to the parties. Defendant understands that

1    both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying

2    relevant information to the U.S. Probation and Pretrial Services Offices and the district court

3    regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or

4    mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the

5    district court's sentencing guidelines calculations and determination of sentence. While this

6    paragraph permits both the USAO and defendant to submit full and complete factual

7    information to the U.S. Probation and Pretrial Services Offices and the district court, even if that

8    factual information may be viewed as inconsistent with the facts agreed to in this agreement, this

9    paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed

10   to in this agreement. Good faith efforts to provide truthful information or to correct factual

11   misstatements shall not be grounds for defendant to withdraw defendant's guilty pleas.

12        Defendant acknowledges that the U.S. Probation Office may calculate the sentencing

13   guidelines differently and may rely on additional information it obtains through its investigation.

14   Defendant also acknowledges that the district court may rely on this and other additional

15   information as it calculates the sentencing guidelines range and makes other sentencing

16   determinations, and the district court's reliance on such information shall not be grounds for

17   defendant to withdraw defendant's guilty pleas.

18                        **VII. POSITIONS REGARDING SENTENCING**

19        20.    The USAO will recommend that the district court sentence defendant within the

20   statutory permissible sentencing range produced by the charges. Defendant may argue for any

21   statutorily permissible sentence, including, possibly, for a downward variance, pursuant to 18

22   U.S.C. § 3553.

23        21.    Defendant acknowledges that the district court does not have to follow the

24   recommendation of either party.

22.    Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

23.    If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a).  In any such event, Defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty pleas.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

24.    Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty;

b.    The right to a speedy and public trial by jury;

c.    The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

d.    The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

e.    The right to confront and cross-examine witnesses against defendant;

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

h.      The right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and any other pretrial motions that have been filed or could be filed.

## IX. WAIVER OF APPELLATE RIGHTS

25.      Waiver of Appellate Rights. Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the district court; (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) subject solely to the exceptions listed in the next paragraph, the right to appeal any other aspect of the conviction, including but not limited to the constitutionality of the statutes of conviction; any other aspect of the sentence; and any order of restitution or forfeiture.

26.      Defendant reserves only the right to appeal any portion of the sentence that is an upward variance from the applicable Sentencing Guideline range as determined by the district court.

27.      Waiver of Post-Conviction Rights. Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

28.      Preservation of Evidence: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

## X. RESULT OF WITHDRAWAL OF GUILTY PLEAS OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTIONS

29.      Consequence of withdrawal of guilty pleas: Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into

12

1    this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under

2    this agreement and (b) should the USAO choose to pursue any charge or any allegation of a

3    prior conviction for a serious drug felony that was either dismissed or not filed as a result of this

4    agreement, then (i) any applicable statute of limitations will be tolled between the date of

5    defendant's signing of this agreement and the filing commencing any such action; and

6    (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of

7    pre-indictment delay, or any speedy trial claim with respect to any such action, except to the

8    extent that such defenses existed as of the date of defendant's signing this agreement.

9          30.    Consequence of vacatur, reversal, or set-aside: Defendant agrees that if any count

10   of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the district court to

11   resentence defendant on any remaining counts of conviction, with both the USAO and

12   defendant being released from any stipulations regarding sentencing contained in this agreement;

13   (b) ask the district court to void the entire plea agreement and vacate defendant's guilty pleas on

14   any remaining counts of conviction, with both the USAO and defendant being released from all

15   their obligations under this agreement; or (c) leave defendant's remaining convictions, sentence,

16   and plea agreement intact. Defendant agrees that the choice among these three options rests in

17   the exclusive discretion of the USAO, and that, should the USAO choose to pursue any charge

18   that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute

19   of limitations will be tolled between the date of defendant's signing of this agreement and the

20   filing commencing any such action; and (ii) defendant waives and gives up all defenses based on

21   the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with

22   respect to any such action, except to the extent that such defenses existed as of the date of

23   defendant's signing this agreement.

24

## XII. BREACH OF AGREEMENT

31.     Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

32.     Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.     Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.     Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.     Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and

1  gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence

2  410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or

3  any evidence derived from the statements should be suppressed or are inadmissible.

### XIII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES.

33. Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

34. Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

35. Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### XIV. ADDITIONAL ACKNOWLEDGMENTS

36. The Defendant acknowledges that:

a. Defendant read this agreement and defendant understands its terms and conditions.

b. Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

15

1            c.      Defendant carefully and thoroughly discussed all terms of this agreement

2 with defendant's attorney.

3            d.      Defendant understands the terms of this agreement and voluntarily agrees

4 to those terms.

5            e.      Defendant has discussed with defendant's attorney the following: the

6 evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that

7 might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. 3553(a);

8 the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

9            f.      The representations contained in this agreement are true and correct,

10 including the factual basis for defendant's offenses set forth in this agreement.

11            g.      Defendant was not under the influence of any alcohol, drug, or medicine

12 that would impair defendant's ability to understand the agreement when defendant considered

13 signing this agreement and when defendant signed it.

14      37.      Defendant understands that defendant alone decides whether to plead guilty or go

15 to trial, and acknowledges that defendant has decided to enter defendant's guilty pleas knowing

16 of the charges brought against defendant, defendant's possible defenses, and the benefits and

17 possible detriments of proceeding to trial.

18      38.      Defendant understands that no promises, understandings, or agreements other

19 than those set forth in this agreement have been made or implied by defendant, defendant's

20 attorney, or the USAO, and no additional promises, agreements, or conditions shall have any

21 force or effect unless set forth in writing and signed by all parties or confirmed on the record

22 before the district court.

23      39.      Defendant acknowledges that defendant decided to plead guilty voluntarily and

24 that no one threatened, coerced, or forced defendant to enter into this agreement.

1     Defendant is satisfied with the representation of defendant's attorney, and defendant is

2    pleading guilty because defendant is guilty of the charges and chooses to take advantage of the

3    promises set forth in this agreement and for no other reason.

4             **XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING**

5         40.    The parties agree that this agreement will be considered part of the record of

6    defendant's guilty plea hearing as if the entire agreement had been read into the record of the

7    proceeding.

8    AGREED AND ACCEPTED

9    UNITED STATES ATTORNEY'S OFFICE
       FOR THE DISTRICT OF NEVADA

10

11    NICHOLAS A. TRUTANICH
      United States Attorney

12                                 3/3/20

13    Shaheen P. Torgoley                Date
      Assistant United States Attorney

14

15

16                                02/12/20
      Brandon Patton                    Date
      Defendant

17

18

19                                2/12/2020
      Brandon Jaroch                   Date

20    Assistant Federal Public Defender
      Attorney for Defendant Brandon Patton

21

22

23

24